UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chelsea J. Kline, | : | Case No. 1:08CV2284 |
| Plaintiff | : | Judge Patricia A. Gaughan |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This Court is in an uncomfortable position with regard to the "Motion For Attorney Fees Pursuant To 42 U.S.C. §406(b)(1)" (Doc. #21) filed by plaintiff's counsel seeking an award "of $16,767.75, which represents 25% ($22,217.75) of the past due benefits awarded to the plaintiff, minus the previously awarded EAJA fees ($5,450.00), to CHARLES BINDER, petitioner. The remaining withheld amount of $5,450.00 shall be released by the Commissioner directly to the plaintiff."

The $22,217.75 fee sought represents the entire 25% statutory retention for fees from the plaintiff's past due benefits, and is the maximum amount that could be awarded under §406(b)(1). It is also the amount which would be called for under a "Retainer Agreement," executed by the plaintiff previously for a 25% contingent fee.

The fee sought represents an hourly rate of $599.67, based on 37.05 hours of services, almost all of which was devoted to the plaintiff's briefing. From this Court's knowledge of the case there was nothing particularly complex or novel in the issues presented in that briefing.

This Court recognizes that in <u>Gisbrecht v. Barnhart</u>, 533 U.S. 789 (2002), the Supreme Court held that as a general proposition contingent fee agreements in Social Security disability appeals should be respected. However, it was also held that the fee must be tested for reasonableness and may be reduced

if it would produce a windfall for counsel, endorsing the approach taken by the Sixth Circuit in Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989). Id. at 808.

In this Court's opinion a reasonable hourly rate for Mr. Charles Binder, the senior counsel, whose affidavit reflects great expertise in the area of Social Security disability appeals, in the economy over the last three years would be in the range of $450.00 an hour. The itemization of services reflects that Mr. Binder only devoted 3.25 hours to this case.

The majority of the services, 33.80 hours, were performed by a member of Mr. Binder's firm, Mr. Eddy Pierre Pierre. While Mr. Binder's affidavit reflects that Mr. Pierre has been with the firm since 1996 it does not reflect his status with the firm, nor does it reflect whether Mr. Pierre has a standard hourly billing rate for non-contingency cases (the same is true as regards Mr. Binder). In this Court's opinion, an hourly rate of $350.00 per hour would be reasonable for a junior member of the firm.

Applying the foregoing rates to the hours itemized for Mr. Binder and Mr. Pierre produces fees of $1,462.50 for Mr. Binder (3.25 hours at $450.00 per hour) and $11,830.00 for Mr. Pierre (33.8 hours at $350.00 per hour), for an aggregate fee of $13,292.50, to which should be added the $350.00 filing fee, for a total award of $13,642.50.

This Court believes that any thing beyond this, particularly the almost $600.00 per hour fee sought by counsel, in a run-of-the-mill Social Security disability appeal would represent a windfall for counsel and be beyond the limits of reasonableness.

The fact that counsel may have worked on this case since November 29, 2004, a consideration mentioned in counsel's submission, does not alter the fact that the compensation sought is based upon 37.05 hours of service in federal court with a starting date of September 26, 2008.

This Court's problem is that the Commissioner has responded to the motion by stating "he will not be filing an objection."

This leaves this Court with having to decide whether to substitute its judgment as to what a reasonable fee is in this action for the Commissioner's judgment, when this Court considers that judgment

to be ill-advised.

This Court believes that the answer to this conundrum lies in the facts that this federal court should not abdicate its duty to exercise independent judgment as to what is right and proper, that the past due benefits are the plaintiff's money, and that whatever fee is allowed diminishes the amount to which the plaintiff is legitimately entitled. This being so, this Court feels constrained to recommend that the fee award be reduced to what this Court believes is a reasonable amount, that being $13,642.50 as outlined above.

It is, accordingly, recommended that counsel be awarded the sum of $8,192.50, ($13,642.50 less the $5,450.00 previously awarded to the plaintiff pursuant to the Equal Access to Justice Act).


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   October 15, 2010


**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).